**In re Dolores R. NELSON, Debtor.**

**Bankruptcy No. 81–00770–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

July 14, 1981.

Daniel L. Bakst, West Palm Beach, Fla., Trustee.

Angus Campbell, West Palm Beach, Fla., for debtor.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has objected to the debtor's claim of exemption. (C.P. No. 6). The matter was heard on July 7, 1981.

The debtor, a widow, has claimed an exemption in $953 of personal property. Article X, § 4(a)(2) of the Florida Constitution entitles the "head of a family" to claim an exemption in personal property up to the value of $1,000. Section 222.19(2), Florida Statutes, specifically provides that a surviving spouse has the status of head of a family. The issue presented is whether this

Statute in conferring the head-of-family status on this debtor operates to exempt the personal property in question from the claims of her creditors. Section 222.19(2), Florida Statutes provides:

"The head-of-family status required to qualify the owner's property for homestead exemption, permitting such property to be exempt from forced sale under process of any court as set forth in s. 4, Art. X of the State Constitution, shall inure to the benefit of the surviving tenant by the entirety or spouse of the owner."

The trustee has argued that while this Statute operates to protect the property in question from satisfying the debts of the deceased husband, it does not shield the property from claims incurred by the debtor after the death of her spouse.

I disagree. There is no limitation in the language of the Statute which would so restrict the head-of-family status thereby conferred. As expressly declared by the Legislature, the intent is " . . . to shelter the family and surviving spouse and such purpose should be carried out in a liberal spirit and in favor of those entitled to the exemption." § 222.19(1), Florida Statutes.

Accordingly, it follows that the debtor is entitled to the exemptions claimed and the trustee's objection is overruled.